IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANIL KANCHARLA, et al.,** )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**FEDERAL NATIONAL** )<br>**MORTGAGE ASSOCIATION,** )<br>)<br>Defendant. )<br>) | Civil Action No.: 1:25-CV-02346-RDM |

### PLAINTIFFS' OPPOSITION TO DEFENDANT'S
### MOTION TO COMPEL ARBITRATION

**COMES NOW** your Plaintiffs, by counsel, and respectfully oppose Defendant's Motion to Compel Arbitration as follows.

**Facts**

The Federal Arbitration Act (FAA) requires this court to compel arbitration where the parties have entered into a contract that clearly specifies that disputes would be subject to Arbitration. The Court of Appeals for the DC Circuit has established that the agreement to arbitrate must clearly establish the consent of the parties and the intent of both parties to be bound by that Arbitration agreement.

Here, according to Defendant's own stipulations and affidavits, we do not have an arbitration agreement enforceable under District of Columbia law entered into by the remaining Plaintiffs.[1]  Defendant points to the email sent generally to employees on January 21, 2015, by

---

[1] 21 of the original 65 Plaintiffs voluntarily dismissed their case after receiving documentary evidence from Defendant, subsequent to filing suit, that each had signed employment offer letters that explicitly incorporated the January 2015 Arbitration agreement with Defendant Fannie Mae.

Brian McQuaid ("the McQuaid email"), indicating that Fannie Mae had adopted a new Arbitration policy. Plaintiffs' Exhibit 1 at Exhibit A.  The McQuaid email was sent to general distribution ("Employees Dynamic") and was not addressed individually to each Plaintiff. The email indicates that the new policy going into effect on April 15, 2015, would "automatically apply" and that new or rehired employees would be covered by it "immediately upon rehire." Each recipient was given a link to "certify [their] receipt of the Agreement (you are required to certify receipt)."  Exhibit C to Defendant's Exhibit 1 purports to show that Plaintiffs answered a questionnaire comprising 2 questions in response to that email, but there is no exhibit that depicts the questionnaire that was actually propounded to Plaintiffs. How the question was propounded to the individuals matters.  Further, the question purportedly propounded appears to have elicited a reply that the individual "understands" that the Agreement applies to them and not that the individual has accepted that offer.

What the McQuaid email fails to provide to the recipients is 1) the opportunity to affirmatively accept and agree to the new policy, 2) an opportunity to opt out of the new Arbitration Policy, and 3) an indication that each employee's continued employment was conditioned on affirmative acceptance of the new policy.  Absent one or more of these affirmative indications of acceptance, there is no contract to arbitrate that is subject to the FAA.

Plaintiffs do not advance the argument that there must be a physical signature for a contract to arbitrate to exist.  The global expansion of e-commerce has presented, and courts have adopted, many ways to indicate assent (and thereby accept an offer) that create a binding contract. This factual situation is not the case at bar.  Here, Defendant simply rolled out a policy by an email, and only required that employees acknowledge receipt of the email.  There is no affirmative requirement or condition to agree to the terms of the Arbitration Agreement in the

2

McQuaid email – only for employees to acknowledge that they received the emails. This is not enough to create a binding arbitration agreement subject to the FAA.

**Analysis**

Plaintiffs do not dispute the authority of the FAA and the Standard under FRCP 56 as recited by Defendant. While Defendant does not explicitly address the issue, the matter must be decided under District of Columbia (DC) law with regard to interpretation and enforcement of contracts.

"[A]rbitration is a matter of contract," *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986), so the "threshold issue" is whether the parties entered into a valid and binding arbitration agreement, *RDP Techs., Inc. v. Cambi AS*, 800 F. Supp. 2d 127, 138 (D.D.C. 2011). Under D.C. law, "[a] contract is formed when there is an offer, an acceptance, and valuable consideration" exchanged between the parties. *Dixon v. Midland Mortg. Co.*, 719 F. Supp. 2d 53, 57 (D.D.C. 2010) (citing *Paul v. Howard Univ.*, 754 A.2d 297, 311 (D.C. 2000)).

In this instance, the McQuaid email provided no option for Plaintiff to negotiate or opt out of the Arbitration Agreement. It only required the Plaintiffs to certify that they had received the email. In fact, the email statement that the Arbitration Agreement would automatically apply specifically eliminates the ability for the employes to negotiate, opt out or otherwise indicate acceptance of the agreement. The only option given to the Plaintiffs was to certify receipt of the email. There is no offer, no acceptance and no exchange of valuable consideration.

Even if the digital artifact produced at Exhibit C to Defendant's Exhibit 1 is a genuine reflection of the Plaintiffs' responses to a questionnaire that was linked to the McQuaid email requirement to "certify receipt," it does not amount to acceptance of an exchange of

consideration or a meeting of the minds regarding the binding nature of the proposed Arbitration Agreement to create a contract. "[A]ny apparent contract is void[ ] if the minds of the parties do not meet honestly and fairly and without mistake or mutual misunderstanding *upon all the issues involved*." *Estate of Taylor v. Lilienfield*, 744 A.2d 1032, 1035 (D.C.2000) (emphasis added). See also *McMullen v. Synchrony Bank*, 164 F.Supp.3d 77, 88 (D.D.C. 2016).

"Under District of Columbia law, 'both parties must have the distinct intention to be bound,' where ambiguity exists about one party's intent, the party seeking to enforce the agreement has not carried its burden. See *RDP Techs., Inc.*, 800 F.Supp.2d at 141 (citation and quotation removed) (emphasis added)." *McMullen v. Synchrony Bank*, 164 F.Supp.3d at 89. "This echoes the applicable Rule 56 standard: if Plaintiff "raise[s] a genuine issue of material fact as to the making of the agreement" to arbitrate, courts will not compel arbitration. *McMullen v. Synchrony Bank*, 164 F.Supp.3d at 89 (internal citations omitted).

Defendant addresses three cases that purport to reach similar conclusions. The *Cowsette v. Fannie Mae* cases were decided by applying Texas law and Fifth Circuit precedents, specifically for modification of an employment contract. That law does not apply and should not be persuasive to this court. The *Manausa v. Fannie Mae* case cited by Defendant is a DC Superior Court case, but the argument against arbitration in that case by Plaintiff was that the agreement was highly disfavored because it did not require a signature by the employee or any understanding of the rights given up by the employee. In that option, the DC Superior court notes that the Plaintiff's argument was made without supporting authority, and those are not the arguments advanced herein. These cases are distinguishable.

For these reasons, Plaintiffs respectfully request that the Court deny the Motion to Compel Arbitration, and that the case continue for further proceedings as appropriate.

Plaintiffs request oral argument and an opportunity to provide additional evidence of the lack of a meeting of the minds necessary to form a contract by way of live witness testimony.

Dated: October 15, 2025                                  WE ASK FOR THIS:

                                                                                        Plaintiffs

                                                         By:     /s/ Milton C. Johns
                                                                                Milton C. Johns, VA Bar No. 42305
                                                                                D.D.C. Bar No. VA072
                                                                                Executive Law Partners, PLLC
                                                                                11130 Fairfax Blvd., Suite 303
                                                                                Fairfax, VA 22030
                                                                                (571) 500-1010
                                                                                (571) 408-8102 – facsimile
                                                                                mjohns@xlppllc.com
                                                                                *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 15, 2025, the foregoing was filed via the CM/ECF system and an electronic copy of the same was served via a notice of electronic filing (NEF):

Ken Carroll
Carrington, Coleman, Sloman &
   Blumenthal, LLP
901 Main Street
Suite 5500
Dallas Texas  75202

Angelina LaPenotiere
(Admitted *Pro Hac Vice*)
Federal National Mortgage Association
Granite Park VII
5600 Granite Park
Plano, Texas  75025

*Counsel for Defendant*
*Federal National Mortgage Association*

             /s/      Milton C. Johns
Milton C. Johns, Esq., VA Bar No. 42305
D.D.C. Attorney No. VA072