IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANIL KANCHARLA, et al., | § § § | |
| Plaintiffs, | § § | Civil Action No. |
| v. | § § | 1:25-CV-02346-RDM |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | § § § § | |
| Defendant. | § § | |

**DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S
REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO
COMPEL ARBITRATION AND DISMISS THIS ACTION**

## I.  INTRODUCTION

The Kancharla Plaintiffs have not disputed the facts set forth by Fannie Mae in its Motion to Compel Arbitration, Dkt. 11. Nor have they identified any applicable case law supporting their position that the Arbitration Agreement (the "Agreement") should not be enforced. Instead, they offer irrelevant hypothetical alternatives about how they believe Fannie Mae should have distributed the Agreement, ignoring the actual circumstances. The Agreement should be enforced, and Plaintiffs' claims compelled to arbitration as they agreed.

## II.  STATEMENT OF POINTS AND AUTHORITIES

A.  **Plaintiffs Have Not Demonstrated an Issue of Fact.**

Plaintiffs have not submitted any declarations or other evidence in support of their Response. Nor have they challenged the authenticity of the evidence provided by Defendant Fannie Mae in support of its Motion. Instead, they accept Defendant's recitation of facts, although they attempt to reframe them. *See* Dkt. 13 (Response at 1). At page 2 of their Response, for

example, Plaintiffs state, "Defendant simply rolled out a policy by an email, and only required that employees acknowledge receipt of the email." As discussed at pages 2-3 of its Motion, Dkt. 11, Fannie Mae did much more than that. Fannie Mae provided employees with a copy of its proposed Agreement (not a policy) that stated in Paragraph 1, "You and Fannie Mae <u>agree</u> to resolve all claims covered by this <u>Agreement</u> ... through final and binding arbitration." *Id*. (Motion at 2 (emphasis added)). Fannie Mae asked employees to acknowledge their receipt of the <u>Agreement</u> (not the email). *Id.* (Motion, Ex. 1 at 2-3, ¶¶ 7-8, 13-14; Ex. 1 at 17-103 (Ex. C). And it asked employees to confirm their understanding that the Agreement would apply to them if they remained employed with Fannie Mae some three months later. *Id.* Plaintiffs do not dispute they took an affirmative step to respond to the acknowledgment and certification by answering "yes" to those questions. Plaintiffs do not dispute they chose to remain employed with Fannie Mae beyond the three-month trigger date.

Plaintiffs do not assert that they raised any questions or concerns about the Agreement to anyone, or that they took any steps to indicate they did not intend to be bound by the Agreement. They present no evidence that they attempted to do so, or even considered doing so. As discussed below, the undisputed facts demonstrate that the Plaintiffs' conduct demonstrated an intent to be bound by the Agreement, creating an enforceable contract. Their claims therefore should be compelled to arbitration as provided by the Agreement.

**B.    Plaintiffs Have Offered No Supporting Authority for Their Alternative Interpretation of the Outcome of this Matter.**

The cases cited by Plaintiffs in support of their interpretation have a common thread that is missing here: in each, the party disputing the contract took some action that clearly indicated it did not intend to be bound by the Agreement.

For example, in *McMullen v. Synchrony Bank*, cited by Plaintiffs at page 4 of the Response, Dkt. 13, Synchrony sought to enforce an arbitration agreement in its "CareCredit" card agreement that provided it would become effective if the customer "used" the card. 164 F. Supp. 3d 77, 88-89 (D.D.C. 2016). The Plaintiff alleged she had not used the card because it had been fraudulently obtained in her name and she had not made any purchases with the card. *Id*. at 89. Synchrony asserted that because she made payments on the fraudulent charges, she had "used" the card. *Id*. In challenging application of the arbitration agreement, Plaintiff submitted a sworn declaration testifying that (i) she had never seen the Credit Card Agreement (much less the arbitration agreement); (ii) she had not opened the credit card account; (iii) she had disputed the fraudulent charges with both the Bank and the Attorney General; and (iv) she only made payments on the fraudulent charges (the alleged use) to avoid damage to her credit while she challenged the charges. *Id*. at 88-89. Under these circumstances, the Court found no meeting of the minds. *Id*. at 89.

The surrounding circumstances in *RDP Techs., Inc. v. Cambi AS*, cited by Plaintiffs at page 4 of their Response, Dkt. 13, similarly contributed to that court's finding that there was no "meeting of the minds" between the parties. 800 F. Supp. 2d 127 (D.D.C. 2011). In *RDP*, the parties were in the process of memorializing the terms of an agency agreement they were still negotiating. RDP unexpectedly executed a draft of the agreement immediately after a discussion with Cambi about its concerns with certain provisions in the draft. *Id*. at 131-132. Given the circumstances, RDP declined to countersign and later withdrew the proposed agreement. *Id*. at 132. The Court found preliminary documents could not constitute operative offers where the parties intended further discussions before reaching a final agreement. *Id*. at 141 (citing *Simplicio v. Nat'l Scientific Pers. Bureau, Inc*., 180 A.2d 500, 502 (D.C. 1962)).

**Defendant Federal National Mortgage Association's Reply to Plaintiffs'**
*Response to Motion to Compel Arbitration and Dismiss This Action – Page 3*

Nothing like the circumstances in *McMullen* or *RDP* are present here. Plaintiffs do not dispute they received the Agreement, do not dispute they took the steps Fannie Mae requested to acknowledge receipt of the Agreement and their understanding it would apply to them if they remained employed, and did not raise any questions, concerns, or objections to its application to them at any point until this litigation some 10 years later. They remained employed with Fannie Mae having acknowledged it meant the Agreement would apply to them. All the evidence indicates the Plaintiffs intended to be bound by the Agreement and understood that they would be.

Plaintiffs take issue with the process used by Fannie Mae, and they offer their opinions about what Fannie Mae should have done instead, claiming the only option under Fannie Mae's process "was to certify receipt of the email." Dkt. 13 (Response at 2). But Plaintiffs do not cite to a single case in which a court has found that circumstances analogous to those at issue here did not support a valid arbitration agreement between an employee and employer. In addition, it is simply not true that Plaintiffs had no options upon receipt of the Agreement. Most obviously, Plaintiffs could have chosen NOT to answer the questionnaire. They could have contacted someone at Fannie Mae to raise concerns or questions. They could have asked what would happen if they did not answer the questionnaire. They could have used the three months between notification and the effective date to obtain alternative employment. They could have affirmatively articulated their intention not to consent to the Agreement. They offer no evidence to indicate they did – or even considered doing – any of those things. In the absence of such, the speculative ruminations set forth in their Response are without import.

The reality of this case is that Plaintiffs' undisputed actions established their intent to be bound. *Davis v. Winfield*, 664 A.2d 836, 838 (D.C. 1995) (intent to be bound can be demonstrated by the conduct of the parties). To suggest that someone can follow the steps outlined for

acceptance, and then years later raise existential questions about that process in an effort to avoid that acceptance would undermine the fundamental principles of contract law. Plaintiffs have not proffered any evidence to support their contention that, despite their conduct to the contrary, they did not intend to be bound or understand they would be bound by the Agreement as of April 2015. And that omission is fatal.

Plaintiffs attempt to distinguish *Manausa v. Fannie Mae* (cited at page 4 of Fannie Mae's Motion, Dkt. 11, and attached thereto), by suggesting the arguments set forth in that case are not those presented here. But they are exactly the same: both Plaintiffs and Manausa argued that Fannie Mae's process could not sustain a finding that the parties had a meeting of the minds. And as in *Manausa*, Plaintiffs have no supporting authority for their assertion that the circumstances presented in this case establish a lack of an intent to be bound by the Arbitration Agreement. Fannie Mae has provided authority establishing the validity of the Agreement. Dkt.11 (Motion, p.4). The Motion to Compel Arbitration should be granted.

## C.     Plaintiffs' Request for Oral Hearing Should Be Denied.

Plaintiffs request oral argument and an "opportunity to provide additional evidence of the lack of a meeting of the minds necessary to form a contract by way of live witness testimony." Dkt.13 (Response at 5). To merit an evidentiary hearing, Plaintiffs needed to have demonstrated the existence of material questions of fact that need to be resolved. *See e.g., Abadi v. Nat'l R.R. Passenger Corp.*, No. 1:22-CV-03684 (TNM), 2024 WL 4441737, at *1-2 (D.D.C. Oct. 7, 2024), *aff'd*, No. 24-7172, 2025 WL 796106 (D.C. Cir. Mar. 12, 2025) (where unconscionability standard calls for a strongly fact-dependent inquiry, evidentiary hearing ordered where claimant "raised two genuine issues of material fact" as to unconscionability of arbitration agreement). Here, Plaintiffs have not demonstrated a question of material fact as to any relevant issue. Moreover, they do not

articulate any specific evidence they could proffer at an evidentiary hearing or provide any reason why they were not able to submit such evidence with their Response. Plaintiffs have waived their opportunity to submit evidence in conjunction with their response, and their request to present live testimony should be denied.

**D.   Dismissal of the Underlying Action Is Appropriate.**

Plaintiffs do not dispute that the claims at issue are referable to arbitration if an Agreement exists. Section 3 of the FAA provides that courts "shall on application of one of the parties stay the trial of the action until such arbitration has been had." 9 U.S.C.§ 3. In this case, however, Plaintiffs have not requested a stay and have not objected to Fannie Mae's request for dismissal. Under these circumstances, the Court should dismiss. *See Gonzales v. GrubHub Holdings, Inc.*, No. 23-CV-1650 (RDM), 2023 WL 6037126, at *2 (D.D.C. Sept. 14, 2023) (Moss, J.), *aff'd*, No. 23-7123, 2024 WL 1222048 (D.C. Cir. Mar. 21, 2024).

### III.   CONCLUSION

For the foregoing reasons, as well as those set forth in Fannie Mae's Motion, Dkt. 11, Fannie Mae respectfully requests that this Court enforce the Agreement, compel arbitration of the remaining Plaintiffs' claims against Fannie Mae, and dismiss this proceeding. Fannie Mae further requests any other relief to which the Court deems it to be justly entitled.

*Defendant Federal National Mortgage Association's Reply to Plaintiffs'*
*Response to Motion to Compel Arbitration and Dismiss This Action – Page 6*

Respectfully submitted,

*/s/ Ken Carroll*
Ken Carroll
  DC Bar No. 347435
  Texas Bar No. 03888500
  kcarroll@ccsb.com
Carrington, Coleman,
  Sloman & Blumenthal, LLP
901 Main Street, Suite 5500
Dallas, Texas 75202
(214) 855-3000 – Phone
(214) 580-2641 – Fax

*/s/ Angelina LaPenotiere*
Angelina LaPenotiere
  (Admitted *Pro Hac Vice*)
  TX Bar No. 24007530
  angelina_lapenotiere@fanniemae.com
  Granite Park VII
  5600 Granite Park
  Plano, Texas 75024
  (972) 656-8033 – Phone

***Attorneys for Defendant Federal National Mortgage Association ("Fannie Mae")***

## CERTIFICATE OF SERVICE

I certify that on October 22, 2025, I served the Kancharla Plaintiffs, through their attorney, Milton Johns, with a copy of this document, Federal National Mortgage Association's Reply to Plaintiffs' Response to Motion to Compel Arbitration and Dismiss This Action, via this Court's ECF system.

*/s/ Ken Carroll*
Ken Carroll