UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANIL KANCHARLA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.: 1:25-cv-02346-RDM |
| ) | |
| FEDERAL NATIONAL MORTGAGE ) | |
| ASSOCIATION, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFFS' MOTION TO SET AN EVIDENTIARY HEARING IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS THIS ACTION

Plaintiffs Anil Kancharla, et al. ("Plaintiffs"), by and through undersigned counsel, and pursuant to United States District Court for the District of Columbia Local Rule LCvR7(f), respectfully moves this Court for an order granting Plaintiffs' request to set an evidentiary hearing to allow Plaintiffs to present testimonial evidence in opposition to Defendant's Motion to Compel Arbitration and Dismiss This Action.

In support, Plaintiff states the following:

1. On July 21, 2025, sixty-five former Fannie Mae employees commenced a lawsuit asserting causes of action for discrimination and breach of contract related to the termination of their employment. [ECF No. 1]

2. On August 18, 2025, Defendant asserted that all of the plaintiffs are subject to an agreement with Defendant to resolve the disputes asserted in the Complaint pursuant to binding arbitration. [ECF No. 5]

3. On or before September 9, 2025, Defendant provided Plaintiffs' counsel with an email

1

dated January 22, 2015 from Brian McQuaid ("the McQuaid email"), indicating that Fannie Mae had adopted a new Arbitration policy. Each recipient was given a link to "certify [their] receipt of the Agreement (you are required to certify receipt)." Defendant purports that Plaintiffs answered a questionnaire comprising 2 questions in response to that email, but there is no exhibit that depicts the questionnaire that was actually propounded to Plaintiffs. Further, the question purportedly propounded appears to have elicited a reply that the individual "understands" that the Agreement applies to them and not that the individual has accepted that offer.

4. On September 17, 2025, twenty-one of the Individual Plaintiffs voluntarily dismissed their claims before this Court and proceeded to arbitration. [ECF No. 10] The remaining forty-four Plaintiffs do not believe they answered the two questions; only that they certified that they had received the email.

5. On September 23, 2025, Defendants moved this Court to compel arbitration of the claims of the remaining 44 Plaintiffs.

6. On October 15, 2025, Plaintiffs filed their Opposition to Defendant's Motion to Compel Arbitration and requested oral argument.

7. Plaintiffs believe that the remaining Plaintiffs are not subject to an agreement to resolve the disputes in arbitration, and that an evidentiary hearing is needed to provide additional evidence of the lack of a meeting of the minds necessary to form a contract by way of live witness testimony.

WHEREFORE, Plaintiffs respectfully request that the Court grant their Motion and set a date certain for an evidentiary hearing.

Respectfully Submitted,

    /s/    Milton C. Johns
Milton C. Johns, Esq., VA Bar No. 42305
D.D.C. Attorney No. VA072
**Executive Law Partners, PLLC**
11130 Fairfax Blvd., Suite 303
Fairfax, Virginia 22030
mjohns@xlppllc.com
Telephone: (571) 500-1010
Facsimile: (571) 408-8102
*Counsel for Anil Kancharla, et al.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 2, 2025, the foregoing was filed via the CM/ECF system and an electronic copy of the same was served via a notice of electronic filing (NEF):

Ken Carroll
Carrington, Coleman, Sloman &
   Blumenthal, LLP
901 Main Street
Suite 5500
Dallas Texas  75202

Angelina LaPenotiere
(Admitted *Pro Hac Vice*)
Federal National Mortgage Association
Granite Park VII
5600 Granite Park
Plano, Texas  75025

*Counsel for Defendant*
*Federal National Mortgage Association*

    /s/    Milton C. Johns
Milton C. Johns, Esq., VA Bar No. 42305
D.D.C. Attorney No. VA072