IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANIL KANCHARLA, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | § § § § | 1:25-CV-02346-RDM |
| Defendant. | § § | |

**DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S
RESPONSE TO PLAINTIFFS' REQUEST FOR AN EVIDENTIARY HEARING**

**I.   INTRODUCTION**

In its motion to compel arbitration (Dkt. 11), Defendant Federal National Mortgage Association ("Fannie Mae") submitted multiple declarations and over a hundred pages of evidence establishing that, as a matter of law, it has valid arbitration agreements with all remaining Plaintiffs. In response, Plaintiffs submitted no evidence, nor did they dispute any of Fannie Mae's evidence. Instead, they mused about things Fannie Mae could have done differently and requested a hearing to present unidentified evidence. Fannie Mae's reply explains why these "arguments" don't move the needle about whether the arbitration agreements are enforceable.

Without argument or reasoning, Plaintiffs again ask this Court to hold an evidentiary hearing so that Plaintiffs can present (still) unidentified testimony in a case where testimony isn't needed. Their request should be denied, and Fannie Mae's motion to compel arbitration should be granted.

## II. STATEMENT OF POINTS AND AUTHORITIES

Parties do not have an automatic right to an evidentiary hearing. *See Pan Am Flight 73 Liaison Group v. Dave*, 711 F. Supp. 2d 13, 30 n. 12 (D.D.C. 2010), *aff'd,* 639 F.3d 1102 (D.C. Cir. 2011); *Olle v. 5401 W. Ave. Residential, LLC*, 569 F. Supp. 2d 141, 146 n. 1 (D.D.C. 2008). Instead, to merit an evidentiary hearing, Plaintiffs must identify specific, summary-judgment-type evidence in the record demonstrating the existence of material questions of fact that need to be resolved. *See Sakyi v. Estee Lauder Companies, Inc.*, 308 F. Supp. 3d 366, 375 (D.D.C. 2018); *Abadi v. Nat'l R.R. Passenger Corp.*, No. 1:22-CV-03684 (TNM), 2024 WL 4441737, at *1-2 (D.D.C. Oct. 7, 2024), *aff'd*, No. 24-7172, 2025 WL 796106 (D.C. Cir. Mar. 12, 2025).

Here, the evidence in the record establishes that the arbitration agreements are valid. Plaintiffs don't dispute this evidence, nor do they identify any evidence in the record indicating that there is a genuine issue of any material facts.

### A.   The Undisputed Evidence Establishes that the Arbitration Agreements are Valid.

The evidence attached to Fannie Mae's motion to compel arbitration shows that, as a matter of law, the arbitration agreements are valid. Fannie Mae provided employees with a copy of the proposed arbitration agreement, asked employees to acknowledge their receipt of the agreement, and then asked employees to confirm their understanding that the agreement would apply to them when it became effective some three months later if they remained employed with Fannie Mae at that time. Dkt. 11, p. 2. Plaintiffs assert that they "do not believe they answered the two questions; only that they certified that they had received the email." Dkt 15, p. 2. But they provide no evidence to support that naked assertion. And, to the contrary, Fannie Mae's uncontested evidence, filed with its motion, demonstrates that each of the Plaintiffs remaining in the case affirmatively responded "yes" to **both** the "certification" and "understanding" questions. Dkt. 11-1, pp. 16-18,

31-118. Thereafter, each of the remaining Plaintiffs remained employed with Fannie Mae well beyond the agreement's effective date. Dkt. 11, p. 3. This exact process has been upheld by courts across the country as sufficient to create a valid, binding agreement to arbitrate. *See Cowsette v. Fannie Mae*, No. 2016, 2016 WL 11640103, *2 (N.D. Tex. Nov. 30, 2016) *adopting in relevant part Cowsette v. Fannie Mae*, No. 3:16-cv-2430-L, 2016 WL 11640104, *3-5 (N.D. Tex. Oct. 27, 2016); *Manausa v. Fannie Mae, et al.*, Case No. 2016 CA 008842 B, pp. 3-5 (D.C. Super. Ct., July 13, 2017). Plaintiffs have presented no legal argument or evidence that the result here should be different.

B.     **Plaintiffs Haven't Demonstrated an Issue of Fact.**

Plaintiffs' response to Fannie Mae's motion to compel arbitration included no evidence, and their motion seeking an evidentiary hearing does not provide or identify any specific evidence that would be presented at an evidentiary hearing (much less explain how any testimony would create a genuine issue of material fact). Nor is there any explanation why such testimony wasn't provided with their response to Fannie Mae's motion—or, at the very least, along with their current motion—in the form of a declaration or affidavit.

At most, Plaintiffs' request for an evidentiary hearing states, without context or argument, that Fannie Mae only asked if the Plaintiffs "understand" that the arbitration agreement applied to them, and not that the individuals accepted the offer. ECF No. 15, p. 2. But the "law is clear that the word 'accept' is not necessary to the formation of a contract." *Apprio Inc. v Zaccari*, 104 F.4th 897, 908 (D.C. Cir. 2024); *Martin v. Citibank, Inc.*, 567 F.Supp.2d 36, 43 (D.D.C. 2008) (plaintiff's signature noting she understood handbook contained a provision requiring her to arbitrate established agreement). Plaintiffs, therefore, have failed to carry their burden of establishing a material question of fact that needs to be resolved, and an evidentiary hearing is not warranted.

*Defendant Federal National Mortgage Association's Response to Plaintiffs'*
*Request for Evidentiary Hearing – Page 3*

### III.  CONCLUSION

For the foregoing reasons, as well as those set forth in Fannie Mae's motion to compel arbitration (Dkt. 11) and reply (Dkt. 13) Fannie Mae respectfully requests that this Court deny Plaintiffs' request for an evidentiary hearing and grant its motion to compel arbitration. Fannie Mae further requests any other relief to which the Court deems it to be justly entitled.

Respectfully submitted,

/s/ Ken Carroll
Angelina LaPenotiere
  (Admitted *Pro Hac Vice*)
  Texas Bar No. 24007530
  angelina_lapenotiere@fanniemae.com
  Granite Park VII
  5600 Granite Park
  Plano, Texas 75024
  (972) 656-8033 – Phone

Ken Carroll
  DC Bar No. 347435
  Texas Bar No. 03888500
  kcarroll@ccsb.com
Carrington, Coleman,
  Sloman & Blumenthal, LLP
901 Main Street, Suite 5500
Dallas, Texas 75202
(214) 855-3000 – Phone
(214) 580-2641 – Fax

***Attorneys for Defendant Federal National Mortgage Association ("Fannie Mae")***

### CERTIFICATE OF SERVICE

I certify that on December 15, 2025, I served the Kancharla Plaintiffs, through their attorney, Milton Johns, with a copy of this document, Federal National Mortgage Association's Response to Plaintiffs' Request for an Evidentiary Hearing, via this Court's ECF system.

/s/ Ken Carroll
Ken Carroll